IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| UNITED STATES OF AMERICA | : | Case No. 18-CR-34 |
| --- | --- | --- |
| | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **GOVERNMENT'S PROPOSED** |
| | : | **INSTRUCTIONS FOR TRIER OF** |
| IZMIR KOCH, | : | **FACT** |
| | : | |
| Defendant. | : | |
| | : | |

In advance of the trial scheduled to begin on November 13, 2018, the United States hereby submits the following proposed instructions for the trier of fact.

Respectfully submitted,

BENJAMIN GLASSMAN
United States Attorney

/s/*Dana Mulhauser*
DANA MULHAUSER
Trial Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 305-0007

MEGAN GAFFNEY
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

**INDEX OF INSTRUCTIONS FOR THE TRIER OF FACT**

US v. IZMIR KOCH

CASE NO.: 1:18-CR-34

JUDGE SUSAN DLOTT

1) Count One – The Statute Defining the Offense ........................................................ 3
2) Count One – Essential Elements of the Offense ...................................................... 4
3) Count One, Element One – "Willfully" Defined ..................................................... 5
4) Count One, Element One – "Bodily Injury" Defined .............................................. 7
5) Count One, Element Two – "Because of the Perceived Religion" Defined ............ 8

**Government's Proposed Instruction No. 1
Count One – The Statute Defining the Offense**

Section 249 of Title 18 of the United States Code provides, in part, that:

> Whoever, . . . willfully causes bodily injury to any person . . . because of the actual or perceived . . . religion . . . of any person [shall be punished].

**Authority:**

18 U.S.C. § 249

**Government's Proposed Instruction No. 2**
**Count One – Essential Elements of the Offense**

In order for the Defendant to be found guilty of the offense charged in the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

*First,* the Defendant willfully caused bodily injury to Paul Marshall;

*Second*, the Defendant acted because of Paul Marshall's perceived religion. In this case, the Government has charged that the Defendant acted because he perceived Paul Marshall to be Jewish;

If both of these elements have been proved beyond a reasonable doubt, then you may find the Defendant guilty of the crime charged. If you find that either of these elements has not been proved beyond a reasonable doubt, you must find the Defendant not guilty of the crime.

**Authority:**

18 U.S.C. § 249

*United States* v. *Miller*, 767 F.3d 585, 591 (6th Cir. 2014) ("The federal hate-crime statute prohibits 'willfully caus[ing] bodily injury to any person . . . because of the actual or perceived . . . religion . . . of [that] person.' Of note here, the crime contains a motive element, requiring the government to show that the defendant attacked the victim 'because of' the victim's 'actual or perceived' religion.") (ellipses in original) (internal citation omitted)

# Government's Proposed Instruction No. 3
# Count One, Element One – "Willfully" Defined

A defendant acts willfully if he or she acts voluntarily and intentionally with the intent to do something the law forbids – that is, with the purpose to disobey or disregard the law. The Government is not required to prove that the Defendant was aware of the specific law that his conduct might violate. The Government is also not required to show that the acts of the Defendant were premeditated or of a long duration.

A defendant's intent is his state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may conclude that the Defendant intended the natural and probable consequences of his actions.

**Authority:**

Willfulness -

*Bryan* v. *United States*, 524 U.S. 184, 191-93 (1998) (tacitly approving charge: "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids")

*Id*. at 191-92 ("[A] 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'")

*United States* v. *Reichert*, 747 F.3d 445, 451 (6th Cir. 2014) ("Generally ..., in criminal cases, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant

acted with knowledge that his conduct was unlawful.") (internal citations and quotations omitted)

*United States* v. *Myers*, 972 F.2d 1566, 1573 & n.3 (11th Cir. 1992) (approving instruction: "With regard to specific intent, you are instructed that intent is a state of mind and can be proved by circumstantial evidence. Indeed, it can rarely be established by any other means." "In determining whether this element of specific intent was present, you may consider all of the attendant circumstances of the case." "For example, you may infer that a person ordinarily intends all the natural and probably consequences of an act knowingly done. In other words, you may in this case infer and find that the defendant intended all the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from his or her act or acts knowingly done.")

*Cf*. Sixth Circuit Model Instruction 2.05 (recommending no general instruction on the meaning of "willfully" and suggesting in commentary that the term be defined based on the particular offense involved)

Inferring Required Mental State -

Sixth Circuit Model Instruction 2.08 Inferring Required Mental State

*Sandstrom* v. *Montana*, 442 U.S. 510 (1979) (permitting inference that a person normally intends the consequences of his voluntary acts is permissible)

*United States* v. *Johnson*, 756 F.2d 453, 454 (6th Cir. 1985) (upholding instruction to the jury that it could reasonably draw an inference that a person intends the natural and probable consequences of an act knowingly done.")

*United States* v. *Reeves*, 594 F.2d 536, 541 (6th Cir. 1979) (characterizing similar language as a "wholly appropriate charge," and said that in future cases where such a charge is appropriate, "this Circuit will approve language similar to [this instruction].")

**Government's Proposed Instruction No. 4**
**Count One, Element One – "Bodily Injury" Defined**

Bodily injury means any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ or mental faculty; or other injury to the body. Bodily injury does not include solely emotional or psychological harm.

**Authority:**

18 U.S.C. § 249(c)(1) (defining bodily injury to mean the same as it does in § 1365(h)(4) but excluding "solely emotional or psychological harm")

18 U.S.C. § 1365(h)(4) (containing definition of bodily injury consistent with that set forth in the above requested Instruction)

*United States* v. *Miller*, 767 F.3d 585, 602 (6th Cir. 2014) (holding that "forced hairshearing and beard-cutting" constitute bodily injury under 18 U.S.C. § 249)

# Government's Proposed Instruction No. 5
## Count One, Element Two – "Because of the Perceived Religion" Defined

The Government must prove beyond a reasonable doubt that the Defendant acted because of Paul Marshall's perceived religion. In this case, that means that the Government must prove that the Defendant acted because he believed that Paul Marshall was Jewish.

The Government need not prove what religion Paul Marshall actually was. What is essential is that the government prove that the Defendant's perception of Paul Marshall's religion, whether accurate or inaccurate, was a direct cause of any assault he committed.

You may find that the Defendant is guilty even if there was more than one reason why he assaulted Paul Marshall. The Government must prove, however, that Paul Marshall's perceived religion played a determinative role in the Defendant's decision to assault him. In other words, you must find that, despite any other reason the Defendant had for the assault, the assault would not have taken place but for the fact that the Defendant believed that Paul Marshall was Jewish.

In determining whether the Government has proved that the Defendant acted as he did because of Paul Marshall's perceived religion, you may consider statements made or language used by the Defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the Defendant's motives.

**Authority:**

18 U.S.C. § 249(a)(2)

*Burrage* v. *United States*, 134 S. Ct. 881, 888-89 (2014) (discussing interpretation of statutes using the term "because of")

*United States* v. *Ewing*, No. 17-5496, 2018 WL 4191102, at *8 (6th Cir. Aug. 31, 2018) (explaining *Burrage* and holding that evidence that a drug "merely contributed to the victim's death is insufficient" but explaining that "where use of the controlled substance combines with other factors to produce death, and death would not have occurred without the incremental effect of the controlled substance but-for causation exists.")

*United States* v. *Miller*, 767 F. 3d 585, 592-594 (6th Cir. 2014) (discussing "but for" requirement finding that "[f]or an assault to be a federal hate crime, the victim's protected characteristic must be a but-for cause behind the defendant's decision to act")

Leonard B. Sand and John S. Siffert, Modern Federal Jury Instructions, 1-17, p. 17.06 (2005)

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Proposed Instructions were served this 5th day of November 2018, electronically upon all counsel of record.

                                        /s/*Dana Mulhauser*
                                        DANA MULHAUSER
                                        Trial Attorney