IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 1:18-cr-34 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **VERDICT, FINDINGS OF FACT** |
| **IZMIR KOCH,** : | **AND CONCLUSIONS OF LAW** |
| : | |
| Defendant. : | |
| : | |

The Court conducted a bench trial in this matter from November 13, 2018 through November 15, 2018. Pursuant to Federal Rule of Criminal Procedure 23(c), the Court makes the following findings of fact and conclusions of law and finds Koch **GUILTY** on Counts One and Two of the Superseding Indictment.

## I. PROCEDURAL HISTORY

A federal grand jury indicted Defendant Izmir Koch on a Hate Crime charge, in violation of 18 U.S.C. § 249. (Doc. 3.) After plea negotiations failed, Koch—accompanied by a Russian-language interpreter—made an innocence proffer to agents from the Federal Bureau of Investigation ("FBI") on October 18, 2018. Based on statements he made during the innocence proffer, the United States filed a Superseding Indictment adding a charge for making False Statements in violation of 18 U.S.C. § 1001. (Doc. 38.)

The Superseding Indictment charged him as follows:

### COUNT ONE
### (Hate Crime)

On or about February 4, 2017, in the Southern District of Ohio, the defendant, **IZMIR KOCH**, willfully caused bodily injury to Victim-1 because of the perceived religion of Victim-1; to

> wit, **KOCH** hit and kicked Victim-1 after Victim-1 represented that he was Jewish, causing injuries including a fracture of Victim-1's orbital floor.
> **All in violation of Title 18, United States Code, Section 249(a)(1).**
>
> ### COUNT TWO
> ### (False Statements)
>
> On or about October 18, 2018, in the Southern District of Ohio, the defendant, **IZMIR KOCH**, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations; to wit, **KOCH** represented to agents of the Federal Bureau of Investigation, which is an agency of the executive branch of the federal government, that **KOCH** never said anything bad about Jews that night; **KOCH** was not involved in a fight that night; and the entire fight consisted of two punches.
> **All in violation of title 18, United States Code, Section 1001.**

(Doc. 38 at PageID 105) (emphasis in original).

On March 21, 2018, Koch pled "not guilty" to the original Indictment. Koch entered a "not guilty" plea to the Superseding Indictment on November 9, 2018.

At the Final Pretrial Conference on November 2, 2018, Koch appeared with retained counsel and a Russian language interpreter. During the conference, Koch's attorney indicated that he may prefer that the matter be tried to the bench rather than to a jury. The Government stated it would not object to a bench trial. The Court instructed Koch's attorneys to discuss the decision carefully with Koch and inform the Court the following week whether the Defendant preferred a bench trial or jury trial.

The next week, Defendant's counsel informed the Court that they would like to proceed with a bench trial, and Koch signed a written waiver of his right to a trial by jury. (Doc. 34.) Before opening statements on the first day of trial, the Court again informed Koch of his right to

2

a jury trial. Koch—accompanied by his attorneys and a Russian-language interpreter—confirmed his desire to proceed with a bench trial. On November 13, 2018, a bench trial commenced in this matter.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

According to Federal Rule of Criminal Procedure 23(c), "In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." While no such request was made in this case, the Court chooses to provide this written decision explaining the verdicts rendered. As Koch has been released on bond, the brief delay caused by the Court's decision to provide a written decision does not impact him negatively.

### A. Count 1 – Hate Crime

Count one of the Superseding Indictment alleges that on or about February 4, 2017, in the Southern District of Ohio, Defendant Izmir Koch willfully caused bodily injury to Paul Marshall because of Marshall's perceived religion by hitting and kicking him after Marshall represented that he was Jewish, causing injuries, in violation of 18 U.S.C. § 249(a)(1). (Doc. 39 at PageID 107.) To convict Koch on count one, the Government must prove beyond a reasonable doubt that: (1) Koch willfully caused bodily injury to Marshall; and (2) Koch did so because of Marshall's actual or perceived religion, in this case, because Koch perceived Marshall to be Jewish. 18 U.S.C. § 249; *United States v. Miller*, 767 F.3d 585 (6th Cir. 2014). "Because of" in the context of the federal hate crime statute requires "a showing that [Defendant] would not have acted *but for* the victim's actual or perceived religious beliefs." *Miller*, 767 F.3d at 591 (italics in original). Even if a defendant has more than one motive for acting, the victim's actual or

3

perceived religion must be "the 'reason' the defendant decided to act . . . that is, 'the straw that broke the camel's back.'" *Id.* at 592 (quoting *Burrage v. United States*, 134 S.Ct. 881, 888 (2014)).

The Court finds that the Government has proved beyond a reasonable doubt that Koch willfully caused bodily injury to Marshall because he perceived Marshall to be Jewish. On February 4, 2017, outside the Mirage Restaurant near Cincinnati, Ohio, Igor Titov heard a man he did not know at the time yelling in Russian. Titov—who speaks Russian—testified that the repeatedly yelled phrases translated as "Who is Jew?" and "Who is Jew here?" (Trial Transcript, Doc. 48 at PageID 182–83.) When Marshall (also known as Paulius Borisas) responded that he was Jewish, the man who was yelling ran up, knocked Marshall to the ground from behind and began hitting him. (*Id.* at PageID 186.) Others joined in punching and kicking Marshall as he was on the ground, and Titov grabbed and held the attacker in an effort to stop the fight. (*Id.* at PageID 186–87.) Once the fight had been stopped, the attacker "kept running around the parking lot" saying he would like to "cut" a Jew and using an offensive Russian-language slang term for Jews. (*Id.* at 187–88.) Titov could see that Marshall was injured at the scene. (*Id.* at PageID 188.)

During the investigation, an FBI special agent showed Titov a photo album of 27 drivers' license pictures in an effort to identify the assailant. (Trial Transcript, Doc. 49 at PageID 424–25.) Titov selected photo number 15 of 27—the driver's license photo of Izmir Koch—saying that it looked "very much like the guy that caused it." (*Id.* at PageID 429–30.) In court, Titov identified the attacker as Izmir Koch. (Doc. 48 at PageID 197).

Similarly, Paul Marshall testified that he was standing outside the Mirage with Titov and others on February 4, 2017, when a man began yelling in Russian. (Doc. 48 at PageID 216–18.)

4

Marshall—who is from Lithuania and speaks Russian—offered his translation as, "He said he hates the Jews. 'Who is Jewish over here?'" (*Id.* at PageID 219.) Marshall—who was intoxicated (*Id.* at PageID 227)—yelled that he was Jewish.[1] Someone then struck Marshall in the back of the head, knocking him to the ground. (*Id.* at PageID 219.) Others struck and kicked him while he lay on the ground until a person named "Mikail" helped him into his fiancée's car. (*Id.* at PageID 219–20.) Marshall suffered injuries, including a left orbital floor fracture, a periorbital hematoma of his left eye, and rib contusions. (*Id.* at PageID 221–22; Govt. Exhs. 2, 3 and 5.) He became concerned about his injuries and called 911. (*Id.* at PageID 221.) During the 911 call, he explicitly stated he was beaten for being Jewish. (Govt. Exh. 4.)

Paul Marshall's fiancée, Anna Kapitula, also speaks Russian. She, too, was present outside the Mirage on February 4, 2017, and heard Koch saying (in Russian) that he "hates all the Jews and wants to slaughter them." (Trial Transcript, Doc. 49 at PageID 276.) Koch— whose name she determined by viewing his brother's Facebook account—asked in Russian, "Who's Jewish here?" (*Id.* at PageID 276–77.) When Marshall responded that he was Jewish, a "group of guys" ran at Marshall and began beating him. (*Id.* at PageID 277–78.) Kapitula did not see whether Koch was one of the attackers. (*Id.* at PageID 277.) However, she identified Koch as the person who made the threatening, anti-Semitic remarks. (*Id.* at PageID 281.)

Slavik Minyalo, another bi-lingual Russian and English speaker, was also at the Mirage on February 4, 2017. (Doc. 49 at PageID 321–22.) He was inside the restaurant and did not see the attack, but he heard a "guy" "screaming he will cut all the Jews." (*Id.* at PageID 325.) He saw the same man running after Marshall and kicking Kapitula's car tire as she drove Marshall to

---

[1] Marshall acknowledged at trial that he is not actually Jewish, but he admits representing himself as Jewish on the night in question. (Doc. 48 at PageID 224.)

safety. (*Id.* at 324–25.) Minyalo also heard the man using the same offensive Russian slang term for Jewish people that Titov reported Koch using.[2] (*Id.* at PageID 326.)

Sherif Ispahi speaks Turkish, Russian and English. (Doc. 49 at PageID 332–33.) He is friendly with both Koch and Marshall, but he was not present at the Mirage on February 4, 2017. (*Id.* at 333–34.) Weeks after the incident at the Mirage, Ispahi facilitated a meeting to make peace between Marshall and the Russian Turk community, of which Koch is a member. (Doc. 49 at PageID 378.) At Ispahi's request, Marshall withdrew his police report because "everybody had been drinking" and he wanted to forgive and not cause additional problems for anyone. (Doc. 48 at PageID 224–25.) Indeed, Marshall and Kapitula even hired an attorney because they "thought she could get us out of testifying." (Doc. 49 at PageID 296.)

Several witnesses testified that Muslims and Jews from Russia, Turkey and Uzbekistan—the region from which Koch and several witnesses immigrated to avoid persecution—respect each other and share certain religious traditions. (*See, e.g.,* Doc. 49 at PageID 368–70.) Notwithstanding these facts, the testimony cited above establishes that on February 4, 2017, Koch used an offensive Russian slang term to describe Jewish people, announced his desire to "cut" or "slaughter" Jews, and then immediately attacked the lone man who identified himself as Jewish, causing him bodily injury.

Based on the evidence presented, the Court finds that the Government has proven beyond a reasonable doubt that the Defendant willfully caused bodily injury to Marshall because of Marshall's perceived religion, in violation of 18 U.S.C. § 249(a)(1). Therefore, the Court finds Mr. Koch **GUILTY** of the charge set forth in Count 1 of the Superseding Indictment.

---

[2] Minyalo explained that the slang term used is so offensive that it is the Russian-language equivalent of calling an African-American the "N word." (Doc. 49 at PageID 325–26.) Titov explained the word in a similar way. (Doc. 48 at PageID 188.)

### B. Count 2 – False Statements

Count two of the Superseding Indictment alleges that on or about October 18, 2018, Defendant Izmir Koch, in a matter within the jurisdiction of the executive branch of the United States Government, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations; to wit, Koch represented to FBI agents that Koch never said anything bad about Jews that night; that Koch was not involved in a fight that night; and that the entire fight consisted of two punches, in violation of 18 U.S.C. § 1001. (Doc. 39 at PageID 107.) To convict Koch on count two, the Government must prove beyond a reasonable doubt that: (1) Koch made a statement or representation; (2) the statement was false, fictitious, or fraudulent; (3) the statement or representation was material; (4) Koch acted knowingly and willfully; and (5) the statement pertained to a matter within the jurisdiction of the executive branch of the United States government. *United States v. Geisen*, 612 F.3d 471, 489 (6th Cir. 2010); *United States v. Steele*, 933 F.2d 1313, 1318-1319 (6th Cir. 1991) (*en banc*).

A statement is "false" or "fictitious" if it was untrue when it was made, and the Defendant knew it was untrue at that time. A statement is "fraudulent" if it was untrue when it was made, the Defendant knew it was untrue at that time, and the Defendant intended to deceive. *United States v. Brown*, 151 F.3d 476, 484 (6th Cir. 1998) (*quoting United States v. Shah*, 44 F.3d 285, 289 (5th Cir. 1995)). A "material" statement or representation is one that has the natural tendency to influence or is capable of influencing a decision or function of a government entity, in this case, the FBI. *United States v. White*, 270 F.3d 356, 365 (6th Cir. 2001) (citing *United States v. Lutz*, 154 F.3d 581, 588 (6th Cir. 1998)); *United States v. Dedhia*, 134 F.3d 802, 806 (6th Cir. 1998). An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason. Sixth Circuit Pattern

7

Jury Instruction § 13.02(2)(C) and Committee Notes; *see also United States v. McGuire*, 744 F.2d 1197, 1201 (6th Cir. 1984). A matter is "within the jurisdiction of the executive branch of the United States government" if the executive branch agency—in this case the FBI—has the power to exercise authority in that matter. *United States v. Grenier*, 513 F.3d 632, 638 (6th Cir. 2008) (quoting *United States v. Shafer*, 199 F.3d 826, 829 (6th Cir. 1999)).

On October 18, 2018, Koch, accompanied by a Russian-language interpreter, voluntarily provided a statement to FBI Special Agent Kevin Gormley. (Doc. 49 at PageID 416–17.) The FBI is a part of the executive branch of government, and it is within the jurisdiction of the FBI to investigate hate crimes. (*Id.* at PageID 422.) Gormley typed the statement as Koch made it. After he finished, the translator translated the entire document, and both Koch and Gormley signed it, indicating that the written statement is "accurate and correct to the best of my knowledge." (*Id.* at PageID 416–17; Government Exh. 6.) Koch's signed statement explains that the fight outside the Mirage on February 4, 2017, involved only Paul Marshall and Mikail Bashirov and states, in part, "I . . . never said anything bad about Jews that night. . . I did not get into a fight that night. . . I never said I hated Jews and I never said I wanted to kill Jews." (Govt. Exh. 6 at 2.)

However, as detailed above, the Government has proven beyond a reasonable doubt that on February 4, 2017, Koch used an offensive Russian slang term to describe Jewish people, announced his hatred of Jewish people, expressed a desire to "cut" or "slaughter" Jews, and then immediately attacked the lone man who identified himself as Jewish. Thus, the statement he knowingly and intentionally gave the FBI in direct contradiction of those facts was false, and he knew it to be false at the time. Made to an investigating agent only weeks before trial, the

statement was material to the investigation of an alleged hate crime, a matter within the jurisdiction of the FBI, part of the executive branch of the United States government.

Based on the evidence presented, the Court finds that the Government has proven beyond a reasonable doubt that the Defendant knowingly made a false statement, in violation of 18 U.S.C. § 1001. Therefore, the Court finds Mr. Koch **GUILTY** of the charge set forth in Count 2 of the Superseding Indictment.

### III. CONCLUSION

For the foregoing reasons, the Court finds the Defendant **GUILTY** on both Counts One and Two of the Superseding Indictment.

**IT IS SO ORDERED**.

Dated: Dec 17, 2018

_____
Judge Susan J. Dlott
United States District Court