UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO:**1:18-CR-34** |
| | ) | |
| Plaintiff, | ) | HON. JUDGE SUSAN J. DLOTT |
| | ) | |
| -vs- | ) | |
| | ) | |
| IZMIR KOCH | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.  PRELIMINARY STATEMENT.**

Now comes, **CORNELIUS "Carl" LEWIS**, trial counsel for the defendant, Mr. Izmir Koch, (hereinafter "Mr. Koch"), and hereby respectfully files the following Sentencing Memorandum setting forth factors this Honorable Court should consider in determining what type and length of sentence he should be given. Counsel believes that Mr. Koch should not be incarcerated but placed on probation. If this Honorable Court is inclined to incarcerate Mr. Koch it should be no more than 12 months.

**II.  FEDERAL SENTENCING**

  **A.  Sentencing Under *Booker* (Guidelines Advisory)**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2005) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), applies to the Federal Sentencing Guidelines. <u>United States v. Booker</u>, 125 St. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in <u>Blakely</u> and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. <u>Id.</u> at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that:

[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

1

Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guidelines mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756.  Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory.

### B.  18 U.S.C. §3553

A person found guilty of an offense described in any Federal statute shall be sentenced in accordance with the provisions set forth in subparagraphs (A) thru (D) of 18 U.S.C. §3553(a)(2); U.S. v. Hanhardt, 424 F. Supp. 2d 1065, 2006 U.S. Dist. LEXIS 9715 (7TH. Cir. 2006).

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges but it permits the court to tailor the sentence in light of other statutory concerns as well. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing facts set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. 18 U.S.C. §3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the *minimally sufficient* sentence 18 U.S.C. §3553(a) further directs sentencing courts to consider the following factors:

    (1)The nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)The kinds of sentences available;
    (3)The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (4)The need to provide restitution to any victims of the offense.

**C. No Limitation on Pertinent Information 18 U.S.C. §3661.**

Under 18 U.S.C. §3661, no limitation shall be placed on the information concerning the background, character, and conduct of Mr. Koch which this Honorable Court may receive and consider for the purpose of imposing an appropriate sentence. U.S. v. Mays, 593 F.3d 603, 2010 U.S. App. LEXIS 1771 (7th., Cir. 2010)

This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendants age, education and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See, U.S.S.G. 5H1.

Several courts have taken into account information that previously would not have been considered with the strict adherence and mandatory application of the sentencing guidelines. Court took into account the fact that the defendant, at the time of his sentencing, was 57 and that upon his release from prison would have a very low likelihood of recidivism since recidivism reduces with age. United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005)(Simon, J); In another case the federal court concluded that sentencing below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant difference in moral responsibility for crime between adults and juveniles. U.S. v. Naylor, ____ F. Supp.2d____, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005)(Jones, J).

**III.     IZMIR KOCH' SENTENCING CONSIDERATIONS.**

**A. Accepted Full and Complete Responsibility.**

The Government argues that Mr. Koch has not accepted responsibility for his actions because he maintains his innocence. The fact that Mr. Koch continues to maintain his innocence does not mean that he has not accepted responsibility for the terrible events that took place on or about February 4, 2017. To the contrary, Mr. Koch has made it very clear that Mr. Paul Marshall should never have been assaulted and that he would never subject any person to racist comments or hate filled actions. Mr. Koch and his family fled their native homeland because of persecution, hatred and racism.

Mr. Koch even voluntarily engaged the Federal Government by giving an innocence proffer with his counsel, which unfortunately caused him to be charged with making false statements, to which he takes objection. Mr. Koch has clearly accepted responsibility.

**(i) No Good Deed Goes Unpunished.[1]**

Counsel believes that the old phrase "No Good Deed Goes Unpunished" is applicable to Mr. Koch. Mr. Koch was at the Mirage restaurant with family and friends having a good time and admittedly may have drank a little too much but the fact that he was out for an evening of fun with family and friends has unfortunately placed him before this Honorable Court fighting for his freedom. Mr. Koch did not set out to be arrested, charged and convicted of these federal offenses when he went out with his family and friends on February 4, 2017.

---

[1] The phrase "No good deed goes unpunished" is a sardonic commentary on the frequency with which acts of kindness backfire on those who offer them. In other words, those who help others are doomed to suffer as a result of their being helpful. It has been attributed to several luminaries, including Billy Wilder, writer Clare Booth Luce, American financier John P. Grier, banker Andrew W. Mellon, and Oscar Wilde, although its actual origin has never been established. Wikipedia.

**B. Employed, Family Man and Law Abiding.**

As detailed in the Pre-Sentence Report ("PSR"), prior to his arrest and subsequent to his arrest Mr. Koch was working, running his own trucking company and avoiding any type of criminal activity.

Mr. Koch is happily married and caring for his entire family, including his children and parents.

Mr. Koch immigrated to the United States and was living the "American Dream" until this unfortunate incident at the Mirage restaurant. While he is on probation for a conviction, which is on appeal, in the Montgomery County, Ohio Common Pleas Court, he continues to live a law abiding life in Dayton, Ohio.

**C. Sentence Should be No Period of Incarceration.**

The Government's position is that Mr. Koch be imprisoned for 51 to 63 months. Mr. Koch accepts and agrees whole heartedly that "hate crimes" of any type are deplorable. Mr. Koch is not an individual that should be incarcerated and have his life and his family's life turned upside down. Mr. Marshall did not ask that Mr. Koch be incarcerated and even stated that "He feels sorry for the defendant's family who may have to be without him for a period of time." Final Pre-Sentence Report ("PSR"), pg. 7, §23.

Counsel respectfully urges this Honorable Court to reject the recommendation of 51 to 63 months in prison and place Mr. Koch on probation or if this Honorable Court is inclined to incarcerate Mr. Koch give him no more than 12 months.

Counsel submits that this Honorable Court has the authority, power and discretion to sentence Mr. Koch well below the guideline range of 51 months.

A sentence of probation or no more than 12 months will ensure that Mr. Koch is sufficiently punished, deterred and rehabilitated and a sentence of probation or no more thatn 12

5

months is sufficient and comports with the overriding purposes and principles of sentencing as set forth in 18 U.S.C. §3553(a).

### D.  Voluntary Surrender.

The PSR accurately states that Mr. Koch is an appropriate candidate for voluntary surrender[2] and Counsel agrees.  Mr. Koch, with the knowledge that he was facing imprisonment, has never failed to appear for any court hearing, including trial and the announcement of the verdict. Mr. Koch has maintained his residence in Dayton, Ohio with his family. Mr. Koch has continued to work. Mr. Koch has maintained contact and abided by all terms and conditions placed upon him during his pre-trial and post-conviction release. Mr. Koch has given this Honorable Court no reason to believe that he will flee the jurisdiction.

Mr. Koch needs time to ensure that his family and business will be maintained while he is incarcerated, *if* this Honorable Court does in fact impose prison.

### IV. CONCLUSION.

Counsel respectfully urges this Honorable Court to impose no period of incarceration but if any period of incarceration is imposed to impose no more than 12 months as a fair and appropriate sentence.

Respectfully submitted,

*/s/ Cornelius "Carl" Lewis*
Cornelius "Carl" Lewis (#0055700)
**THE LEWIS LAW FIRM, INC., LPA**
119 East Court Street
Cincinnati, Oh 45202
(513) 632-9542/Office
(513) 721-5824/Fax
(513) 371-4520/Cell
e-mail:Carllewislaw@gmail.com
Counsel for Izmir Koch

---

[2] PSR Sentencing Recommendation, pg. 2

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing sentencing memorandum was served on all parties utilizing the CM/ECF system.

*/s/ Cornelius "Carl" Lewis*