**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-34 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN DLOTT |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S SUPPLEMENTAL |
| IZMIR KOCH | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through Benjamin Glassman, United States Attorney; Eric Dreiband, Assistant Attorney General for the Civil Rights Division, and the undersigned Department of Justice attorneys, hereby submits the following Supplemental Sentencing Memorandum.

The Government writes memorandum in opposition to the modifications that were made in the Presentence Report ("PSR") dated June 24, 2019. The Sentencing Guidelines Calculation used in the prior PSR, dated March 25, 2019, are correct, and the United States requests that Probation and the Court use that calculation instead. This memorandum is intended to supplement, not replace, its prior Sentencing Memorandum. Dkt. No. 63.

Specifically, the United States objects to the new PSR's failure to cross-reference to the Aggravated Assault Guideline, 2A2.2. The official commentary to Section 2A2.2 defines Aggravated Assault as, <u>inter alia</u>, "a felonious assault that involved . . . serious bodily injury." USSG § 2A2.2. The Guidelines define "serious bodily injury" as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental

1

faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1.

The injury in this case constitutes serious bodily injury that requires a cross-reference to the Aggravated Assault Guideline. The victim testified that he "saw a heel coming at [his] face" as he lay on the pavement, and he then curled up in the fetal position to protect himself from kicks and punches. The result was a broken orbital bone, bruised ribs, and debilitating headaches lasting several weeks. The injury caused him severe physical pain and led him to seek treatment at a hospital. Either injury standing alone—a broken bone or a series of severe headaches— would be sufficient to constitute serious bodily injury. The two taken together make it all the more clear.

Multiple cases have found that a broken orbital bone constitutes serious bodily injury. In a similar factual scenario, the Eighth Circuit upheld the finding of "serious bodily injury" where a victim suffered a broken orbital bone and various bruises and lacerations. United States v. Wilson, 686 F.3d 868, 874 (8th Cir. 2012). In an unpublished case, the Sixth Circuit has specifically singled out a break to the orbital bone as a serious injury when applying the Aggravated Assault cross-reference. United States v. Gilmore, 761 F. App'x 573, 574 (6th Cir. 2019) ("The victim suffered multiple facial fractures, including the orbital bone around his right eye, and multiple lacerations on his face and in his mouth requiring stiches."). A broken bone is a protracted bodily impairment.

The severe and protracted headaches caused by the attack also constitute a "protracted impairment of a function of a bodily member, organ, or mental faculty." The victim suffered headaches so debilitating, over a period of weeks, that he was unable to work and lost his job.

That surely constitutes impairment, leaving only the question of whether the impairment is "protracted." Courts have found that the period of "protracted impairment" may be counted in weeks rather than months. See United States v. Neill, 166 F.3d 943, 950 (9th Cir. 1999) (pepper spray effects that lingered for two weeks were "protracted"); Wigfall v. Scott, 39 F.3d 321 (5th Cir. 1994) (four weeks was "protracted").

Two months ago, the Sixth Circuit upheld a finding of "serious bodily injury" in a similar case, United States v. Frazier, based on both a broken orbital bone and the protracted nature of the resulting pain. There, "as a result of the assault[, the victim] lost consciousness for a short period of time and suffered two broken bones around his eye and a severe laceration that required stitches. Moreover, he claimed that his right eye was swollen shut for a full week and that he was in 'excruciating' pain after the attack . . ." Frazier, No. 18-5769, 2019 WL 1856419, at *3 (6th Cir. Apr. 25, 2019). In upholding the determination, the court held that:

> the statutory definition of "serious bodily injury" does not mandate that the government prove that the victim of an assault suffered interminable pain or required a lengthy hospital stay. The jury in this case concluded that Hughes experienced "extreme physical pain" and that the weeklong loss of vision in his swollen right eye amounted to a protracted "impairment of the function of a bodily member [or] organ."

Id. Similarly, here, the victim's broken bones and weeks of debilitating headaches constitute serious bodily injury that necessitate a cross-reference to the Aggravated Assault Guideline.

Accordingly, the Government objects to the failure to include the cross-reference and asks that the Sentencing Guidelines be applied as calculated in the prior PSRs.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        *s/Dana Mulhauser*
        Dana Mulhauser
        Trial Attorney
        U.S. Department of Justice
        Civil Rights Division
        950 Pennsylvania Avenue NW
        Washington, DC 20530
        Office: (202) 305-0007
        E-mail: Dana.Mulhauser@usdoj.gov

        MEGAN GAFFNEY
        KELLY ROSSI
        Assistant United States AttorneyS
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        Office: (513) 684-3711

## CERTIFICATE OF SERVICE

  This is to certify that I have this day served upon defense counsel a copy of the foregoing *Government Supplelental Sentencing Memorandum* by ECF on the 28th day of June, 2019.

                s/*Dana Mulhauser*
                DANA MULHAUSER
                Trial Attorney